# Matter of Lynette S. ROSE, Respondent

File A072 821 057 - Houston, Texas

*Decided January 25, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conditional permanent resident under section 216(a) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(a) (2006), who is seeking to remove the conditional basis of that status and who has timely filed the petition and appeared for the interview required under section 216(c)(1), does not need a separate section 216(c)(4) hardship waiver if the petitioning spouse died during the 2-year conditional period.

FOR RESPONDENT: Imran B. Mirza, Esquire, Houston, Texas

BEFORE: Board Panel: HOLMES and HESS, Board Members; KENDALL CLARK, Temporary Board Member.

HOLMES, Board Member:

The respondent has filed a timely motion to reconsider our January 23, 2009, decision dismissing her appeal from an Immigration Judge's decision dated June 15, 2007. The Immigration Judge ordered the respondent removed under section 237(a)(1)(D)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(D)(i) (2006), because her conditional resident status, which was granted based on a marriage that was of less than 2 years' duration, had been terminated. The Immigration Judge found that the respondent was not eligible for a waiver under section 216(c)(4) of the Act, 8 U.S.C. § 1186a(c)(4) (2006), to excuse her lack of compliance with the joint petition and interview requirements of section 216(c)(1) of the Act. The Department of Homeland Security ("DHS") has not filed a response to the motion and it is thus deemed to be unopposed. *See* 8 C.F.R. § 1003.2(g)(3) (2010). We will grant the respondent's motion to reconsider and remand the record to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 30, 1995, the respondent was granted conditional permanent resident status based on her marriage to Lloyd Rose, who was born in St. Croix, U.S. Virgin Islands. Mr. Rose died of a heart attack

on October 26, 1995. The respondent timely filed a Petition to Remove Conditions on Residence (Form I-751) and appeared for an interview.[1] On May 20, 1999, the former Immigration and Naturalization Service ("INS") issued a Notice of Intent to Deny I-751 Petition ("Notice of Intent to Deny"), advising the respondent that her responses at the interview and the lack of evidence to demonstrate the bona fides of the marriage raised questions about whether the marriage was entered into solely for purposes of gaining an immigration benefit.

On August 4, 1999, the former INS issued a Notice of Adverse Action denying the I-751 and terminating the respondent's conditional lawful permanent resident status. The decision noted that the respondent's petition was denied "for the reasons stated in the Service's intent." Although the final denial also considered whether the respondent qualified for "a waiver provided in Title 8 CFR 216.5," the basis for the denial of the I-751 petition was the respondent's failure to rebut the conclusions stated in the Notice of Intent to Deny. In other words, it was based on an assessment of the bona fides of the marriage rather than on the fact that the petition and interview were not "joint." The final denial advised the respondent of her right to have the denial of her petition reviewed in removal proceedings.

Pursuant to that request, the Immigration Judge reviewed her I-751 petition in the removal proceedings. The Immigration Judge denied the petition because it was not jointly filed and the respondent did not establish that she was eligible for a section 216(c)(4) waiver of the joint petition and interview requirements in section 216(c)(1) of the Act. We dismissed the respondent's appeal from that decision on January 23, 2009, and the respondent timely filed the instant motion to reconsider.

We now find, for the reasons set forth below, that the death of a petitioning spouse during the 2-year conditional period excuses the general requirement that a petition to remove the conditional basis of an alien spouse's status must be "joint." Thus, a separate waiver under section 216(c)(4) of the Act is not required if the surviving spouse timely files an I-751 petition requesting removal of the conditional basis of his or her status and appears for a personal interview.

## II. ISSUE

The issue in this case is whether an alien seeking the removal of the conditional basis of permanent resident status that was granted based

---

[1] Section 216(d)(2) of the Act provides that a petition to remove the conditions on status must be filed during the 90-day period preceding the second anniversary of the grant of conditional resident status.

on a marriage that was terminated by the petitioning spouse's death during the 2-year conditional period, who has filed a timely I-751 petition and appeared for an interview conducted pursuant to section 216(c)(1) of the Act, must also qualify for a waiver under section 216(c)(4) of the Act.

## III.  ANALYSIS

The respondent states that there are no Board or Federal circuit court precedent decisions to guide us, and we have found none.  The language of section 216(c)(4) of the Act itself is instructive, however.  It describes three bases for the waiver that is available to "an alien who fails to meet the requirements" of of section 216(c)(1).  Thus, the threshold issue, which was not specifically addressed by the Immigration Judge or our previous decision, is whether the respondent failed to meet the requirements of section 216(c)(1).

Section 216(c)(1) of the Act has two requirements for removing the conditional basis of an alien spouse's status, a petition and an interview.  Specifically, section 216(c)(1) provides that the following requirements must be met in order for the conditional basis of the status to be removed:

> (A) the alien spouse and the petitioning spouse *(if not deceased)* jointly must submit to the Attorney General, during the period described in subsection (d)(2), a petition which requests the removal of such conditional basis and which states, under penalty of perjury, the facts and information described in subsection (d)(1), and

> (B) in accordance with subsection (d)(3), the alien spouse and the petitioning spouse *(if not deceased)* must appear for a personal interview before an officer or employee of the Service respecting the facts and information described in subsection (d)(1).

(Emphasis added.)

On further consideration, we interpret sections 216(c)(1)(A) and (B) as expressly *exempting* alien spouses whose petitioning spouses are deceased from the "joint" filing and interview requirements.  Thus, as a widowed conditional resident who timely filed a Form I-751 and appeared for a personal interview, the respondent is not an alien who "fail[ed] to meet" the section 216(c)(1) requirements.  Rather, the respondent complied with the requirements of sections 216(c)(1)(A) and (B) when she timely filed her I-751 petition to remove the conditions on her residence with the former INS and appeared at her scheduled interview.  Therefore, she does not need a section 216(c)(4) waiver in order for her I-751 petition to be adjudicated on the facts asserted pursuant to the requirements of section 216(d)(1), which must be established in all I-751 petitions whether jointly filed or not.

This reading of the law is consistent with section 216(d)(1) of the Act, which describes the facts that must be established in the petition and interview

in order to remove the conditional basis of the alien spouse's status. Specifically, section 216(d)(1)(A)(i)(II) states that the alien must provide information that the qualifying marriage "has not been judicially annulled or terminated, *other than through the death of a spouse*." (Emphasis added.) In other words, if the reason for the termination of the marriage is the death of the petitioning spouse, that is not, in itself, a basis for denying the petition to remove the conditions on the alien's status.[2] The structure of the Form I-751 itself is consistent with our reading that a separate waiver of the general "joint" petition requirement is not necessary when the petitioning spouse is deceased. Part 2 of the form provides four options for an alien spouse to check when the petition is not being jointly filed. The form instructs the petitioner to check only *one* of these options. The first of those options is: "My spouse is deceased." The other three correspond to the three bases for a waiver provided in section 216(c)(4). The respondent appropriately checked the first option.

In its May 20, 1999, Notice of Intent to Deny, the former INS did not seem to rest its intent to deny the respondent's petition on the ground that she failed to qualify for a section 216(c)(4) waiver of the general requirement that the petition must be "joint." Rather, it appeared to have reviewed her petition to remove the conditional basis of her status on the merits, i.e., it determined that the respondent did not satisfactorily prove the facts that must be established by all petitioners pursuant to section 216(d)(1), one of which is that the marriage "was not entered into for the purpose of procuring an alien's admission as an immigrant." Section 216(d)(1)(A)(i)(III) of the Act. The final Notice of Adverse Action issued on August 4, 1999, stated that the respondent failed to respond to the Notice of Intent to Deny with rebuttal information and that "her waiver request of petition is denied for the reasons stated in the Service's intent."[3]

The respondent had the right to seek review of the denial of her Form I-751 petition in her removal proceedings, and she made that request. Accordingly, on reconsideration, we will vacate our January 23, 2009, decision and remand the record to the Immigration Judge to review the merits of the respondent's

---

[2] We further note that in the statutory provisions allowing the DHS to independently initiate termination of conditional resident status at any time before the end of the 2-year conditional period, the death of a spouse is specifically excluded as a basis for terminating conditional resident status. *See* section 216(b)(1)(A)(ii) of the Act.

[3] The final notice denying the petition then mentions, for the first time, the waiver regulations in 8 C.F.R. § 216.5 and finds that the respondent is not eligible for a waiver under its provisions. However, we need not address the propriety of raising a new basis for denial in the final notice because we conclude that section 216 of the Act does not require a "joint" petition in the first instance where the petitioning spouse is deceased. Thus, an additional waiver under 8 C.F.R. § 216.5 (2010) is not required.

petition to remove the conditions on her status.  *See* section 216(d)(1) of the Act.  A separate section 216(c)(4) waiver of the general requirement that a petition must be jointly filed is not required in this case because the petitioning spouse is deceased.  We point out that the Government bears the burden in removal proceedings of proving, "by a preponderance of the evidence, that the facts and information described in subsection (d)(1) and alleged in the petition are not true with respect to the qualifying marriage." Section 216(c)(3)(D) of the Act.

   **ORDER:**  The respondent's motion to reconsider is granted.

   **FURTHER ORDER:**  Upon reconsideration, our January 23, 2009, decision is vacated, and the respondent's appeal is sustained.

   **FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.